## DAVIS, Appellant, *vs.* EVANS *et al.*, Respondents.

1. A master who permits his infant slave to remain with its mother during infancy, free from his control, will not be construed to have abandoned his right; nor will the possession of the mother be such adverse possession as is protected by the statute of limitations; nor will the fact that the master permits the mother to receive the benefit of the child's services, after it becomes old enough to render them, in remuneration for her care during its infancy, operate to his disadvantage.
2. A free negro, under our laws, cannot hold slaves. Per Scott, J. Judges Gamble and Ryland dissenting.

### *Appeal from St. Louis Circuit Court.*

This was an action commenced by Margaret Davis, under the article of the code of 1849, entitled " Claim and delivery of personal property," to recover possession of her daughter, a negro girl, named Patsey, who, she alleged, was her slave, and wrongfully detained by Blakey & McAfee, the defendants.

The defendants answered, that Patsey was placed in their possession for safe keeping, by A. H. Evans, and denied that she was the property of the plaintiff. Evans, on application, was made a party defendant.

The case was tried by the court, sitting as a jury. On the trial, Nathan Ranney, a witness for the plaintiff, testified that he purchased Margaret in 1835, and the girl, Patsey, was born soon after ; that on the 2d day of March, 1835, he executed a bill of sale of both mother and child to Augustus H. Evans ; that the child, Patsey, had been in possession of the plaintiff ever since her birth, being now about seventeen years old ; that he recollects particularly of seeing Patsey in her mother's possession and control in 1839 ; that Margaret then lived, and for ten years or more continued to live on the same lot in the city of St. Louis, near his residence ; that he had often seen the girl, Patsey, there, and always in the possession and control of Margaret ; that Margaret raised her, supported her, fed and clothed her at her own expense ; that about the year 1845, he heard Evans say he claimed her and ought to have possession of her, but never knew of his interfering to claim or take Patsey away from the plaintiff until 1850.

On cross-examination he stated that, at the time of his bill of sale to Evans, the mother and child were both slaves, and that Margaret was emancipated by Oliver Bennett, in 1842.

Oliver Bennett testified that the girl, Patsey, had been in the possession of the plaintiff from 1840 to 1851 ; that he had her in his employ some ten years ago, and some five or six years ago hired her to go east ; that a year ago Margaret came to him to hire Patsey to go east ; that he always paid the plaintiff for Patsey's services, and never knew that Evans asserted any claim to her, and that Margaret was his property when he emancipated her.

Catharine Sickler testified that the plaintiff lived next door to her from 1838 to 1842, and during all that time Patsey lived with her mother and her mother fed and clothed her.

R. B. Catherwood testified that he hired Patsey for three o

four months in 1849 and 1850, of the plaintiff, and paid plaintiff for her services ; that when she left him she went home to her mother ; that Evans never claimed any pay for her services, and he never heard of Evans claiming her, although he made particular enquiries whether she was a free girl.

Dr. Martin testified that he attended Patsey when she was sick in 1848, and was paid by the plaintiff for his services.

The deed of Oliver Bennett, emancipating Margaret, was also offered in evidence.

The defendants offered no evidence.

The court found the facts substantially in accordance with this evidence, and declared the law to be, that the plaintiff had established no such adverse possession as to vest the title in her as against Evans.

The plaintiff filed a motion for a review, and asking the court to find the following facts : " That the plaintiff was a free person and had possession of the negro girl slave, Patsey, for the five years next preceding the time when the said defendants got possession of her in the month of September, 1850, as stated in their answer ; that the plaintiff claimed the slave, Patsey, during this time as her own property, and exercised over her the usual acts of ownership and control over such property, such as raising, feeding and clothing her, procuring and paying for medical attandance for her when sick, hiring her out at various times during this period and receiving the hire for herself ; that she lived by herself with her husband, Peter, a slave of Henry Shaw, in the city of St. Louis ; that the defendant resided in the city or township of St. Louis from 1832 to 1850."

And to declare the law to be, that the plaintiff had established an adverse possession of the slave for five years next preceding the possession of the defendant, and was entitled to recover.

This motion was overruled and the plaintiff appealed.

*N. & S. A. Holmes,* for appellant. Five years adverse possession of personal property gives title absolute and indefeasible. Ang. on Lim. p. 5, §7, p. 18, §11. *Smith* v.

*Newby*, 13 Mo. Rep. 159. *Smoot* v. *Wathen*, 8 Mo. Rep. 522, 527. *Little's Adm'r* v. *Chauvin*, 1 Mo. 626. *Clark* v. *Hardiman*, 2 Leigh, 351. *Brent* v. *Chapman*, 5 O. 358. 3 Johns. Cases, 124. *Clarke* v. *Baker*, 7 J. J. Marsh. 194. *Shelby* v. *Gray*, 11 Wheat. 361, 371. 3 Henn. & Munf. 57. 4 A. J. Marsh. 145. Wheeler's Law of Slavery, 99. 9 Martin's La. Rep. 526. The evidence in this case establishes adverse possession.

*Leslie & Barrets*, for respondents. The possession of the plaintiff was not adverse. To hold so, would be a pitiful return for the kindness and indulgence of the master, in permitting the child to remain with its mother. We also insist that a parent cannot hold his or her child as a slave.

SCOTT, Judge, delivered the opinion of the court.

1. Had the facts in this case been as they were represented by the appellant, and had they been found accordingly by the court, we see no reason for disturbing the judgment rendered below. The circumstances, as detailed in evidence, are such as forbid all idea of an adverse possession of the slave in controversy by the appellant. It would be hard, if Evans' humanity, in permitting a mother to retain her infant child, should be tortured into an abandonment of his claim of right; nor should his justice, in suffering the child, after she was capable of rendering some service, to remain with her mother, in remuneration for her care during its infancy, be turned to his disadvantage. There is no doubt of the general principle, that five years adverse possession of chattels will confer a title, but we are of opinion, that this rule has no application under the circumstances of the present case.

2. In my opinion, a negro, under our laws, cannot hold slaves. It is against their policy, and in its tendency is subversive of all the police laws for the government of slaves. The other judges concurring, the judgment will be affirmed.

GAMBLE and RYLAND, Judges. We do not concur in the opinion, that a free negro may not legally hold slaves.